**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARITA GUYTON, formerly known as CHARITA D. HALE, | ) |
| Plaintiff, | ) |
| vs. | ) |
| EDWARD R. SZYMANSKI , and SIR FINANCE CORPORATION, | ) |
| Defendants. | ) |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff Charita Guyton, f/k/a Charita D. Hale ("Ms. Guyton") brings this action to secure redress from unlawful collection practices engaged in by Defendant Edward R. Szymanski on behalf of Defendant Sir Finance Corporation

2. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and state law.

3. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

5. Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

8. Plaintiff suffered monetary loss as a result of the conduct complained of herein.

**VENUE AND JURISDICTION**

9. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

10. Venue and personal jurisdiction in this District are proper because each Defendant does or transacts business within this District and a material part of the events complained of occurred within this District.

**PARTIES**

11. Plaintiff Charita Guyton, f/k/a Charita D. Hale is an individual who resides in Indiana.

12. Defendant Edward R. Szymanski is an attorney who may be found at 4408 Elm Avenue, Hammond, IN 46327. He practices using P.O. Box 5358, Elgin, IL 60121 and the address 2587 Millennium Dr., Suite D, Elgin, IL 60124,

13. Defendant Edward R. Szymanski regularly collects consumer debts for others, using the mails and telephone system for that purpose.

14. Defendant Sir Finance Corporation is an Illinois corporation engaged in the business of making high-interest loans to consumers. Its registered agent and office is Michael J. Cohen, 500 Skokie Boulevard, Ste. 650, Northbrook, IL 60062.

**FACTS**

15. In 2017, Sir Finance Corporation, represented by Mr. Szymanski, filed suit against Plaintiff in Cook County, Illinois, in case number 2017 M1 129949, to collect a high-interest loan incurred for personal, family or household purposes (Exhibit A). At the time the loan was made, Ms. Guyton lived in Illinois, and the loan was made in Illinois.

16. The suit ended in a judgment against Ms. Hale on May 30, 2018. (Exhibit B)

17. In mid-2018, Mr. Szymanski subsequently instituted collection proceedings on behalf of Sir Finance and against Ms. Hale to obtain her wages (Exhibit C).

18. On January 13, 2021, Charita Hale, now known as Charita Guyton, filed a Chapter 7 bankruptcy petition in the Northern District of Indiana, case 21bk30035.

19. The Sir Finance debt was one of those scheduled.

20. Mr. Szymanski was sent notice of the bankruptcy filing as attorney for Sir Finance. (Exhibit D) On information and belief, he received it.

21. A discharge was entered on April 19, 2021 (Exhibit E).

22. Notice of the discharge was also sent to Mr. Szymanski as attorney for Sir Finance.

(Exhibit F) On information and belief, he received it.

23. Following the filing of the bankruptcy, Defendants were not entitled to collect any money from Ms. Guyton.

24. Subsequent to the filing of the bankruptcy Mr. Szymanski caused or permitted ADP, on behalf of Ms. Guyton's employer Aramark Correctional Services, to continue sending deductions from her wages.

25. Mr. Szymanski misrepresented, affirmatively or by omission, that he was still entitled to the wage deductions, when that was not the case.

26. Subsequent to the filing of the bankruptcy Mr. Szymanski collected over $1,000 on the discharged debt from Plaintiff. (Exhibit G)

27. After Plaintiff retained counsel and demanded return of the funds (Exhibit H), Defendant returned $924.34 in mid-July 2021 – up to six months after the money was taken – but failed to promptly stop the deductions, with the result that yet more funds were taken from Plaintiff. (Exhibit I).

28. Plaintiff suffered loss of money, loss of the use of her funds, hardship as a result of being deprived of her wages, and time and money spent dealing with the deprivation.

## COUNT I – FDCPA

29. Plaintiff incorporates paragraphs 1-28.

30. This claim is against Mr. Szymanski.

31. Defendant's collection of a discharged debt violated 15 U.S.C. §§1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f, and 1692f(1). *Ross v. RJM Acquisitions Funding LLC*, 480 F.3d 493, 495 (7th Cir. 2007); *Currier v. First Resolution Inv. Corp.,* 762 F.3d 529 (6th Cir. 2014).

32. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2) The false representation of—

(A) the character, amount, or legal status of any debt; . . .

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

33. Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant Szymanski for:

i. Actual damages;

ii. Statutory damages;

iii. Attorney's fees, litigation expenses and costs of suit;

iv. Such other and further relief as the Court deems proper.

## COUNT II – WRONGFUL GARNISHMENT

34. Plaintiff incorporates paragraphs 1-28.

35. This claim is against both Defendants.

36. Defendants wrongfully garnished Ms. Guyton's wages. All collections after the filing of the Chapter 7 are wrongful and made without a judgment in effect. *Neri v. J.I. Case Co.,* 207 Ill. App. 3d 409, 566 N.E.2d 16 (2d Dist. 1991)

37. Defendants failed and refused to return the garnished wages upon demand.

38. Defendants' actions were intentionally wrong and malicious.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against

Defendants for:

i. Actual damages;

ii. Punitive damages;

iii. Costs of suit;

iv. Such other and further relief as the Court deems proper.

**COUNT III – CONSUMER FRAUD ACT**

39. Plaintiff incorporates paragraphs 1-28.

40. This claim is against Sir Finance.

41. Defendant engaged in unfair and deceptive acts and practices, in violation of 815 ILCS 505/2, by:

a. Garnishing Ms. Guyton's wages after the filing of the Chapter 7;

b. Failing and refusing to return the garnished wages upon demand.

42. Defendant's actions were intentionally wrong and malicious.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant Sir Finance for:

i. Actual damages;

ii. Punitive damages;

iii. Attorney's fees, litigation expenses and costs of suit;

iv. Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Cassandra P. Miller (ARDC 6290238)
Kasun Wijegunawardana (ARDC 6333546)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)